# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEPHEN G. OPPERWALL,**<br><br>Plaintiff,<br><br>vs.<br><br>**STATE FARM FIRE AND CASUALTY COMPANY, AND DOES 1 THROUGH 50, INCLUSIVE,**<br><br>Defendants. | CASE NO. 17-cv-07083-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; GRANTING MOTION TO STRIKE WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 9, 10 |

Plaintiff Stephen G. Opperwall, proceeding *pro se*, brings this action against State Farm General Insurance Company, erroneously sued as State Farm Fire and Casualty Company ("State Farm"), alleging breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, breach of fiduciary duty, and negligence, all in connection with a claim plaintiff filed with State Farm. (Dkt. No. 1-1 Exh. A ("Complaint").) Plaintiff seeks $100,000 in general damages against State Farm. (*Id*. ¶¶ 39, 46, 50, 55, 60, & 65.) In addition, plaintiff seeks $100,000,000 in punitive and exemplary damages under California Civil Code section 3294. (*Id*. ¶¶ 40, 56, 61, & 66.)[1]

State Farm moves to dismiss three of the five causes of action, namely those for fraud, breach of fiduciary duty, and negligence. (Dkt. No. 10.) State Farm additionally moves to strike the portions of the Complaint referencing plaintiff's request for punitive damages, including the specific amount requested. (Dkt. No. 9.)

---

[1] The Court notes that the terms "exemplary damages" and "punitive damages" can be used interchangeably, which is consistent with their usage in California courts. *See, e.g., Van Sickle v. Gilbert*, 196 Cal. App. 4th 1495, 1520 (2011) (explaining "'[n]o claim for exemplary [i.e., punitive] damages shall state an amount or amounts'") (quoting Cal. Civ. Code § 3295(e)).

Having carefully considered the papers submitted and pleadings in this action, and for the reasons set forth below, the court **GRANTS** State Farm's motion to dismiss, **WITH LEAVE TO AMEND** plaintiff's fourth cause of action, and **GRANTS IN PART** State Farm's motion to strike, **WITH LEAVE TO AMEND** plaintiff's claims for punitive damages.

## I. FACTUAL BACKGROUND AS ALLEGED

Plaintiff is insured under a homeowners insurance policy from State Farm. (Complaint ¶ 7.) On or about November 16, 2016, plaintiff noticed that water was leaking inside of his living room wall, damaging the wall and surrounding carpet. (*Id*. ¶¶ 8, 10.) Plaintiff immediately reported the matter to State Farm, which hired Service Master to investigate the damage, open up the wall, remove carpeting, and set up fans and dehumidifying equipment. (*Id*. ¶ 11.) In addition to the remedial work performed by Service Master, State Farm investigated the water damage to plaintiff's living room wall and ultimately determined that the damage was extensive. (*Id*. ¶¶ 13–17.)

Around January 2017, State Farm closed the claim file without paying the claim. (*Id*. ¶ 18.) Prior to doing so, State Farm had refused to provide checks to vendors who had provided labor and materials to repair the damage, instead insisting that State Farm had to send checks to plaintiff's mortgage lenders rather than to the vendors. (*Id*. ¶¶ 19, 20.) State Farm continues to refuse to pay for the water damage despite many demands for payment made by plaintiff. (*Id*. ¶ 22.) As a result of State Farm's alleged conduct, plaintiff's furniture and other living room contents had to be removed from his house and placed in storage, where they remain. (*Id*. ¶ 25.) Moreover, the living room has been inaccessible and sealed in plastic for nearly one year, and a musty smell has permeated plaintiff's home. (*Id*. ¶ 27.)

Agents and claims representatives from State Farm have refused to provide plaintiff with requested information and documentation and lied about having done so. (*Id*. ¶¶ 30, 31.) Others have lied about their communications with plaintiff. (*Id*. ¶ 32.) Throughout all this, State Farm took the position that it was not going to hire a contractor to repair the damage to plaintiff's home, nor pay for the work that plaintiff's contractor determined was necessary. (*Id*. ¶¶ 34, 35.)

Plaintiff alleges that State Farm's actions can be attributed to its "culture of corruption and

criminal conduct whereby State Farm takes insurance premiums from insureds, and then makes it almost impossible for insureds to get paid, thereby criminally depriving insureds of the benefits that they are entitled to based on insurance contracts, insurance law, contractual obligations owed by State Farm, and fiduciary duties owed by State Farm." (*Id.* ¶ 33.) As a result of State Farm's conduct, plaintiff claims he took steps to mitigate damages, including hiring a general contractor to analyze the damaged property fully and provide an estimate of the cost of repairs. (*Id.* ¶ 39.) This estimated cost is approximately $100,000. (*Id.*)

Plaintiff filed his complaint for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, breach of fiduciary duty, and negligence in the Superior Court of the State of California, County of Alameda, on November 6, 2017. Thereafter, on December 13, 2017, State Farm removed the action to this Court based upon diversity of citizenship. Plaintiff seeks $100,000 in general damages in connection with his five causes of action against State Farm, and $100,000,000 in punitive damages in connection with his causes of action for fraud, breach of fiduciary duty, and negligence.

## II.  MOTION TO DISMISS

### A. Legal Standard

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79. Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355

3

F.3d 1179, 1183 (9th Cir. 2004).

**B.      Discussion**

State Farm moves to dismiss plaintiff's causes of action for fraud, breach of fiduciary duty, and negligence. Plaintiff's general response to State Farm's motion to dismiss is that he has alleged "all of the legal elements" and all "ultimate facts" for these three causes of action. (Dkt. No. 21 at 12 ("Plaintiff's Opposition").)[2]

1.      *Third Cause of Action for Fraud*

State Farm argues that plaintiff's fraud claim should be dismissed because plaintiff has failed to allege facts identifying the allegedly false representations, who made them, or when they were made. The Court agrees in part and notes an additional reason why plaintiff's fraud claim fails. In order to establish a cause of action for fraud, plaintiff must plead the following elements: (i) misrepresentation; (ii) knowledge of falsity; (iii) intent to induce reliance; (iv) justifiable reliance; and (v) resulting damage. *See Conrad v. Bank of Am.*, 45 Cal. App. 4th 133, 156 (1996). Fraud claims are subject to the additional Federal Rule of Civil Procedure 9(b) requirement that "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("Rule 9(b)'s particularity requirement applies to state-law causes of action."). This rule requires that claims of fraud include the "who, what, when, where, and how" of the alleged misconduct. *Cooper v. Pickett*, 137 F. 3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1094 (C.D. Cal. 1999) (internal quotation marks omitted). The averments must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."

---

[2] Plaintiff's opposition contains no substantive argument refuting State Farm's motion to dismiss. Rather, plaintiff simply repeats verbatim the allegations in the Complaint and cites extensively from the Rutter Group's California Practice Guide on Civil Procedure Before Trial. (*See* Plaintiff's Opposition at 2–11.)

4

*Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985); *Maganallez v. Hilltop Lending Corp.*, 505 F. Supp. 2d 594, 606 (N.D. Cal. 2007).

Here, the gist of plaintiff's fraud claim is that State Farm breached the policy by not "provid[ing] insurance policy benefits in exchange for Plaintiff paying premiums," and by not affirmatively telling plaintiff that State Farm was breaching the policy. (Complaint ¶¶ 52, 53.) Such claims, if proven, may support breach of contract and bad faith, but they do not constitute fraud. *See generally, e.g., Multifamily Captive Grp., LLC v. Assurance Risk Managers, Inc.*, 629 F. Supp. 2d 1135, 1146 (E.D. Cal. 2009) (granting summary judgment on fraud claim because "the misrepresentations at the center of plaintiffs' claim is the contract itself [and] [t]he assurances allegedly made by defendant related to its duty under the contract . . . ."); *see also Silcox v. State Farm Mut. Auto. Ins. Co.*, No. 14CV2345 AJB MDD, 2014 WL 7335741, at *7 (S.D. Cal. Dec. 22, 2014) (dismissing fraud claims in insurance coverage action because there was "no separate allegation of tortious conduct independent of Plaintiff's breach of contract claim").

Accordingly, State Farm's motion to dismiss plaintiff's fraud claim is **GRANTED WITH LEAVE TO AMEND**. If possible, plaintiff must amend his Complaint to plead his fraud claim with sufficient particularity to alert State Farm to the specific acts against which it must defend.

### 2. *Fourth Cause of Action for Breach of Fiduciary Duty*

State Farm argues that plaintiff's breach of fiduciary duty claim must be dismissed as a matter of law. The Court agrees. Under California law, "an insurer is not a fiduciary for its insured in the traditional sense and cannot be held liable for breach of fiduciary duties." *Casey v. Metro. Life. Ins. Co.*, 688 F. Supp. 2d 1086, 1100 (E.D. Cal. 2010). Although "special and heightened duties" are owed by insurers to insureds, the "insurer-insured relationship is not a true 'fiduciary relationship.'" *Id*. Accordingly, an insurer cannot be subject to a claim for breach of fiduciary duties. *See Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1138 (9th Cir. 1998) (holding that an insurer "owed no fiduciary duty to [the insured] as a result of their insurer-insured relationship"); *see also Young v. Ill. Union Ins. Co.*, No. C07-05711 SBA, 2008 WL 5234052, at *3 (N.D. Cal. Dec. 15, 2008) ("[Plaintiff's] third . . . count[] for breach of fiduciary duty . . . must fail because an insurer is not a fiduciary under California law and insurers are not

true fiduciaries of their insureds."); *Almon v. State Farm Fire & Cas. Co.*, 724 F. Supp. 765, 766 (S.D. Cal. 1989) ("[A]lthough the duty between the plaintiff and defendants is fiduciary in nature, there is no independent cause of action for breach of fiduciary duty.").

Plaintiff has not alleged any facts that would establish a fiduciary relationship, separate from the fact that State Farm is his insurer. Accordingly, the Court finds it would be futile for plaintiff to attempt to amend this claim.[3] *See DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992) (leave to amend is properly denied where the amendment would be futile). State Farm's motion to dismiss plaintiff's breach of fiduciary duty claim is therefore **GRANTED WITHOUT LEAVE TO AMEND**.

### 3. *Fifth Cause of Action for Negligence*

State Farm argues that plaintiff's negligence claim must be dismissed because plaintiff has failed to allege facts showing that State Farm assumed any special duty that would give rise to a negligence claim. The Court agrees. In California, "'negligence is not among the theories of recovery generally available against insurers.'" *Tento Int'l, Inc. v. State Farm Fire & Cas. Co.*, 222 F.3d 660, 664 (9th Cir. 2000) (quoting *Sanchez v. Lindsey Morden Claims Servs., Inc.*, 72 Cal. App. 4th 249, 254 (1999)). When "an insured seeks to recover in tort for an insurer's mishandling of a claim, it must allege *more* than mere negligence." *Adelman v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 352, 369 (2001) (emphasis in original). In the context of an insurance contract, California courts "rel[y] on the covenant of good faith and fair dealing, implied in every contract, to justify tort liability." *Erlich v. Menezes*, 21 Cal. 4th 543, 552 (1999).

Plaintiff has not provided any support for why he should be allowed to pursue a negligence claim in this case despite the general rule that negligence actions are not permitted against insurers. Nor has he presented argument that would make an exception to that general rule appropriate here in light of his other claims against State Farm. Accordingly, State Farm's motion

---

[3] To the extent plaintiff contends that State Farm breached its "fiduciary-like duties," *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1151 (2001), "such allegations may be redressed through Plaintiff's claim for breach of the implied covenant of good faith and fair dealing." *Alta Bates Summit Med. Ctr. v. United of Omaha Life Ins. Co.*, No. 07-04224 JSW, 2209 WL 57108, at *4 (N.D. Cal. Jan. 8, 2009).

6

1 to dismiss plaintiff's negligence is **GRANTED WITHOUT LEAVE TO AMEND**.

## III. MOTION TO STRIKE

### A. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that a court may strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . .'" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). "Motions to strike 'are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal. 2011) (quoting *Rosales v. Citibank Fed. Sav. Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)).

Given the disfavored status of Rule 12(f) motions, "'courts often require a showing of prejudice by the moving party before granting the requested relief.'" *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012) (quoting *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). "'If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion.'" *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)). Whether to grant a motion to strike is a matter committed to the sound discretion of the district court. *See Whittlestone*, 618 F.3d at 73 (citing *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000)).[4]

---

[4] In the standard of review section of its motion, State Farm cites *Bureerong v. Uvawas*, which states "a motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996). To the extent State Farm argues that plaintiff's claims for punitive damages should be stricken because punitive damages are precluded as a matter of law, the Court cannot grant its motion to strike on that basis. *See Whittlestone*, 618 F.3d at 971 ("Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to strike a claim for damages on the ground that such damages are precluded as a matter of law."); *see also Pallen Marital Arts, LLC v. Shir Martial Arts, LLC*, No. 13-cv-05898-JST, 2014 WL 2191378, at *8 (N.D. Cal. May 23, 2014) ("In light of *Whittlestone*, *Bureerong* is no longer good law."); *Cordon v. Wachovia Mortg.*, 776 F.

**B. Discussion**

State Farm moves to strike plaintiff's claims for punitive damages pursuant to Rule 12(f), arguing that plaintiff has insufficiently pleaded factual allegations in support of these claims. Citing California Civil Code section 3295(e), State Farm additionally moves to strike the portions of the Complaint requesting punitive damages in the specific amount of $100,000,000.

1. *State Farm's Motion to Strike is Improper*

With respect to State Farm's argument that plaintiff's request for punitive damages should be stricken because it is unsupported by sufficient factual allegations, "'[t]he proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6) not Rule 12(f).'" *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010) (quoting *Consumer Sols. REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009)); *see also Guarantee Real Estate v. Hanover Ins. Co.*, No. 1:14-cv-00860-TLN-MSJ, 2014 WL 5817536, at *4 (E.D. Cal. Nov. 7, 2014) ("A defendant may not move to strike factual allegations on the grounds that the allegations are insufficient."). Therefore, State Farm's motion to strike plaintiff's claims for punitive damages on this ground fails.

However, "where a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion." *Consumer Sols.*, 658 F. Supp. 2d at 1021. Accordingly, the Court will proceed to address the substance of State Farm's motion as if it were pleaded pursuant to Rule 12(b)(6).

2. *Plaintiff Fails to Allege Sufficient Facts for a Punitive Damages Claim*

When a plaintiff alleges a claim for punitive damages, a court may dismiss the claim if the plaintiff fails to allege sufficient facts to show "oppression, fraud, or malice." Cal. Civ. Code § 3294(a). Moreover, facts are insufficient when the plaintiff asserts "nothing more than conclusory allegations" of oppression, fraud, or malice. *Kelley*, 750 F. Supp. 2d at 1147. Thus, with respect

---

Supp. 2d 1029, 1041 (N.D. Cal. 2011) (denying motion to strike claim for punitive damages "on the ground that such relief is legally unavailable"; noting the "Ninth Circuit has held that Rule 12(f) cannot be utilized in that manner").

to State Farm's converted motion to dismiss plaintiff's claims for punitive damages, the question for the Court is whether plaintiff sufficiently alleges oppression, fraud, or malice.

Here, plaintiff does no more than offer legal conclusions couched as factual allegations. Plaintiff states, "Plaintiff is entitled to punitive and exemplary damages against Defendants pursuant to Civil Code Section 3294 based on the oppression, fraud, and malice of the Defendants." (Complaint ¶¶ 56, 61, & 66.) Plaintiff's conclusory allegations fail to provide State Farm with fair notice of the nature of plaintiff's claims for punitive damages. Therefore, State Farm's converted motion to dismiss plaintiff's punitive damages claims is **GRANTED WITH LEAVE TO AMEND**.[5] If possible, plaintiff must amend his Complaint to plead his claims for punitive damages with sufficient particularity to alert State Farm of the nature of plaintiff's claims.

## IV. CONCLUSION

For the reasons set forth above, the Court:

1. **GRANTS** State Farm's motion to dismiss.

2. **GRANTS** plaintiff **LEAVE TO AMEND** his fraud claim.

3. **DISMISSES WITH PREJUDICE** plaintiff's breach of fiduciary duty and negligence claims.

4. Construes State Farm's motion to strike plaintiff's claims for punitive damages under Rule 12(f) as a motion to dismiss under Rule 12(b)(6) and **GRANTS** State Farm's converted motion to dismiss plaintiff's claims for punitive damages.

5. **GRANTS** plaintiff leave to amend his claims for punitive damages.

6. **GRANTS** State Farm's motion to strike the portions of the Complaint requesting punitive damages in the specific amount of $100,000,000.

\\

\\

---

[5] Moreover, the Court agrees with State Farm that plaintiff's prayer for $100,000,000 in punitive damages is subject to striking under California Civil Code 3295(e) ("No claim for exemplary damages shall state an amount or amounts."). Accordingly, and because plaintiff does not oppose State Farm's motion to strike the portions of the complaint requesting a specific amount of punitive damages, the Court hereby **GRANTS** State Farm's motion to strike the portions of the Complaint requesting punitive damages in the specific amount of $100,000,000.

Should plaintiff wish to file an amended complaint, such complaint must be filed within **thirty days** of the entry of this Order.

This Order terminates Docket Numbers 9 and 10.

**IT IS SO ORDERED.**

Dated: March 9, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**